**Electronically Filed**
**Supreme Court**
**SCPW-13-0000489**
**20-MAY-2013**
**03:22 PM**

SCPW-13-0000489

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

JOCELYN WANDA UNCIANO, Petitioner,

vs.

THE HONORABLE GARY W.B. CHANG, JUDGE OF THE
CIRCUIT COURT OF THE FIRST CIRCUIT, HAWAIʻI LAND COURT, and
GMAC MORTGAGE, LLC, Respondents.

---

APPEAL FROM THE LAND COURT OF THE STATE OF HAWAIʻI
(CAAP-11-0001080; 1L.D. CASE NO. 11-1-2518; APPLICATION NO. 1069)

ORDER DENYING WITHOUT PREJUDICE PETITION
FOR WRIT OF MANDAMUS AND/OR PROHIBITION
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of petitioner Joycelyn Wanda Unciano's petition for a writ of mandamus, filed on April 29, 2013, the documents attached thereto and submitted in support thereof, and the record, it appears that Hawaiʻi's land court rules do not provide a specific time frame for the court to enter a final judgment or decree and, therefore, the land court should generally act upon matters timely under the circumstances. Although the land court must enter a final judgment or decree in the present case, the delay in entering such document is not

unreasonable considering the specialized nature of land court matters and the volume of land court cases pending before the respondent judge. Mandamus relief, therefore, is not warranted at this time. See Kema v. Gaddis, 91 Hawai'i 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act); State ex rel. Marsland v. Ames, 71 Haw. 304, 307, 788 P.2d 1281, 1283 (1990) ("[T]he mere fact that other remedies are not available has never in itself been sufficient justification for mandamus."). Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied without prejudice.

DATED: Honolulu, Hawai'i, May 20, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

